EDWIN SCHAEFER V. THE STATE.

No. 15272.   Delivered June 22, 1932.
Rehearing Denied October 12, 1932.
Second Rehearing Denied October 26, 1932.
Reported in 53 S. W. (2d) 302.

The opinion states the case.

*Linden & Linden,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Acting under a search warrant officers went to appellant's home and found in a small rock house (called the "dairy house") near the residence five gallons of peach brandy, two gallons of cherry wine, sixty bottles of "home brew," caps and a capping machine. A chemist who made an analysis of samples of each kind of the liquor found testified that the peach brandy contained 9.6 per cent of alcohol by volume, the cherry wine 8.8 per cent, and the home brew 3.4 per cent.

It was appellant's contention that under the evidence the "dairy house" was a part of the private residence, and that evidence of what was found by the officers was inadmissible by reason of a claimed defective affidavit upon which the search warrant was predicated. Bills of exception preserving the point are brought forward. We find it unnecessary to discuss the matter on account of the evidence which went into the case from appellant's wife. She admitted the presence of the liquor testified to by the officers, saying it was made by her and appellant. She denied that any of it was kept for the purpose of sale, and said the "home brew" was for her own personal use. The jury was pertinently told that appellant could not be convicted if the liquor in question was intended for medicinal purposes or for home consumption. The same evidence which appellant sought to exclude as coming from the officers having gone into the record from appellant's own witness, he is in no position to complain. We cite only a few cases, but they will be found to collate many others. See McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060; Stone v. State, 113 Texas Crim. Rep., 371, 22 S. W. (2d) 140; Reusch v. State, 119 Texas Crim. Rep., 112, 45 S. W. (2d) 209.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able motion for rehearing in which he reviews to some extent the authorities deemed by him pertinent. The proposition that the illegal reception of testimony will be of no avail to the accused if it appear from the record that the same or similar testimony was admitted before the jury from other sources without objection, has been affirmed by this court almost from its creation. We have no doubt as to the soundness of the proposition. The authorities have been reviewed and discussed so often that we deem it unnecessary to again go over same. In Stone v. State, 113 Texas Crim. Rep., 371, 22 S. W. (2d) 140, many of the authorities are collated. There was no dispute of the fact that appellant himself drew out of his wife, while on the

witness stand as a witness for him, substantially the same facts as to his possession of the intoxicating liquor in question as was testified to by the officer whose search was admittedly improper.

The motion for rehearing will be overruled.

*Overruled.*

## ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant earnestly insists that in the opinions affirming this conviction and overruling the motion for rehearing, this court has by construction annulled the statutory law embraced in article 671, P. C., enacted in 1923. The announcement of this court, speaking through Judge Ramsey, in the case of Wagner v. State, 53 Texas Crim. Rep., 306, 109 S. W., 169, decided in 1908, wherein it is said, "It is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same fact is proven by other testimony not objected to," cites many previous cases. Among them is Walker v. State, 17 Texas App., 16, in which the rule stated is treated as a sound principle of evidence in the opinion written by Judge Hurt. The principle was again affirmed in the opinion of this court written by Judge Hurt in the case of Carlisle v. State, 37 Texas Crim. Rep., 108, see page 112, 38 S. W., 991.

Article 671, P. C., reads thus: "Wherever possession or receipt, or possession or receipt for the purpose of sale, is made unlawful by law, proof of possession of mash, or a still or any device for manufacturing intoxicating liquors, or proof of the possession of more than one quart of intoxicating liquors, shall be prima facie evidence of guilt; but the defendant shall have the right to introduce evidence showing the legality of such possession."

As stated above, the article was enacted in 1923, by section 2e, Acts of 38th Leg., 2nd Called Session, p. 54, chap. 22, and was reenacted in the revision of the statutes in 1925.

At the time article 671, supra, was enacted, there was no statute forbidding the use of evidence obtained in an illegal search. Subsequently, articles 4a and 727a, C. C. P., were passed. The effect of those two articles was to forbid the introduction in evidence, on the objection of the accused, of evidence obtained by means of a search which was illegal. Effect was immediately given to these statutory provisions by decisions of this court refusing to affirm convictions based on evidence obtained in an illegal search where objection to the evidence was properly interposed. See McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54. In other words, if there were no evidence other than that obtained through an illegal search showing a violation of the statutory provisions denouncing the traffic in intoxicating liquors contained in articles 666 and 667, P. C., 1925, and the record show a proper objection to its admission,

there would be no basis for the conviction of the accused. If, however, he chose to take the stand himself or to introduce witnesses in his own behalf and make proof that he possessed, transported, or sold intoxicating liquor, the state would be authorized to avail itself of such testimony. This principle has been applied in a great many cases and is deemed in harmony with the general rules of evidence. The statute, in stating that the accused might introduce controverting evidence, added nothing to the rules of evidence, but simply recognized such right under a statute which confers upon him accused of crime the right to testify in his own behalf. See article 710, C. C. P., also Newton v. State, 98 Texas Crim. Rep., 582, 267 S. W., 272.

As stated in the opinion on motion for rehearing, if the evidence of the officers who searched the appellant's premises was obtained in an illegal search and therefore not admissible against him, and there was no other evidence against him to support the charge in the indictment, there was no occasion for the appellant to introduce evidence at all; but having elected to put witnesses on the stand and make proof that he possessed a quantity of intoxicating liquor above a quart, he thereby rendered harmless the error committed in receiving the testimony of the state to the same effect. As stated in the beginning of this opinion, there will not be a reversal on appeal for the reception of evidence illegally obtained in case the same facts came, without objection, from the testimony of either the defendant or other witnesses.

For the reasons stated, the request to permit the filing of the second motion for rehearing is denied.

*Overruled.*