## WELDON HENDERSON WYATT V. STATE

No. 27,648. June 15, 1955
Motion for Rehearing Denied
(Without Written Opinion) October 19, 1955

*King C. Haynie, Gabriel Nahas, (John Cutler* and *Woodrow Seals,* on appeal only), Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marihuana; the punishment, 4 years.

Officer Langhorn of the Houston police testified that, in company with Officer Schultea, and while on duty on the night in question, he went to the Gizmo Lounge, a public drinking establishment, and there observed the appellant. From the odor of appellant's breath, his manner of speech and walking, the officer concluded that the appellant was intoxicated and notified him that he was under arrest. As they left the lounge, Langhorn started to search the appellant; he attempted to run, and when restrained the appellant got an open knife from his pocket, and during the struggle which followed Officer Schultea was able to recover a cigarette from the appellant's pocket. Langhorn struck the appellant with his pistol in order to subdue him and then sent him to the hospital for emergency treatment.

Officer Schultea corroborated a portion of Langhorn's testimony, and the cigarette which they found upon the appellant's person was shown to contain marihuana.

The appellant did not testify in his own behalf, but offered the testimony of other witnesses which tended to show that the appellant was not intoxicated on the occasion in question.

There is only one question presented in appellant's brief, and that grows out of the refusal of the trial court to submit the following requested charge:

"You are further charged that a person is deemed to be intoxicated, when he does not have the normal use of his faculties by reason of the use of intoxicating liquor.

"It is the law of this state that a peace officer has the right to arrest without a warrant of arrest, a person found in a public place, in a state of intoxication.

"You are further charged that if you find from the evidence, or if you have a reasonable doubt thereof, that the defendant was not intoxicated at the time of his arrest, then his arrest would be unlawful, and the marihuana cigarette alleged to have

been taken from him would not be admissible against him, and if you so find, you will find the defendant not guilty."

If the search was illegal, appellant should have urged an objection to the evidence obtained thereby at the time it was offered. This he did not do, but his counsel stated, "No objection, Your Honor," when the marihuana cigarette was offered. He thus waived any objection to the marihuana cigarette being offered in evidence. Haykel v. State, 158 Texas Cr. R. 359, 255 S.W. 2d 1014; Davis v. State, 156 Texas Cr. R. 529, 244 S.W. 2d 241.

The issue of whether appellant was drunk in a public place at the time of his arrest was relevant only to the question of the legality of the arrest and the search incident thereto.

Appellant having waived objection to the admission of the fruits of the search, the legality of the arrest was no longer a controlling issue.

Finding the facts sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.