SYLVESTER OUTLEY V. STATE

No. 27,716. November 2, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 14, 1955

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge Presiding.

The offense is the unlawful possession of heroin, a narcotic drug; the punishment, 5 years in the penitentiary.

Houston Police Officers Kennedy and Gray observed appellant as he was driving an automobile on a Houston street and saw him go through an intersection without stopping his car at a stop sign.

The officers recognized appellant and followed him as he made a right turn, drove down the left side of a two-way street and parked his car at the curb on the left or wrong side of the street and entered a house.

One of the officers remained in the police car and the other got in the car which appellant had been driving, where he remained until appellant returned to the car.

Upon re-entering the car, appellant was made aware of the presence of the officer, whereupon he attempted to dispose of a cellophane package by placing it in his mouth, and by throwing it out the window. He was prevented from doing so by the officer, and because the car window was closed.

The package was found on the floor of the car and contained 4 capsules in each of which was what proved to be heroin, a narcotic drug.

The women were in the car with appellant. They fled while the officers were engaged in investigating the house which appellant had entered, from which a third woman had emerged during the time with a hypodermic syringe in her hand.

One of the women in the car was Marion Williams, whose absence from the trial was the ground for appellant's application for continuance. The overruling of this motion forms the basis of appellant's Bill of Exception No. 1.

There was evidence at the trial to the effect that the absent

witness was a fugitive from justice at the time of the trial, and the court so certified in his qualification to the bill of exception.

Our decision that no abuse of discretion is shown in the overruling of the motion for continuance might well rest upon the qualification to the bill.

But we observe also that in his motion for new trial, no complaint was lodged because of the overruling of the motion for continuance, and there is no showing in the record that the absent witness, had she been present, would have testified favorably to the defendant or to the facts set out in the motion as the testimony she was expected to give.

The trial court is not shown to have abused his discretion in overruling the motion for new trial. See Hawkins v. State, 156 Texas Cr. R. 122, 238 S.W. 2d 779; Suit v. State, 161 Texas Cr. R. 22, 274 S.W. 2d 701; Encinas v. State, 161 Texas Cr. R. 293, 276 S.W. 2d 817.

The legality of the arrest is questioned on several grounds, and it is argued that the evidence as to the narcotic found by the officers at the time of the arrest was inadmissible.

We need not pass upon any of the contentions regarding the legality of the arrest for the reason that any objection which appellant may have had to the introduction of the evidence was waived as shown by the following quotations from the statement of facts.

Direct examination of Mr. Floyd E. McDonald, Chemist and Toxicologist for the city of Houston:

"Q. Mr. McDonald, I will ask you whether or not you had occasion to analyze the contents of four capsules given you by Officer Kennedy? A. Yes.

"Q. What kind of test did you make on those capsules? A. Made a series of color tests, color reaction tests on the contents of the capsules.

"Q. What did you find the contents of the capsules to be? A. Found that each one of the four capsules contained diacetylemorphine commonly called heroin.

"Q. Heroin is a narcotic drug? A. Yes, it definitely is.

"MR. WALKER: I would like to offer the capsules in evidence subject to being connected up by Officer Kennedy.

· "MR. DEVINE: We have no objections.

"Q. This is the wrapper that they were given to you in? A. Yes sir it is.

"Q. You made an analysis of each of those capsules? A. Yes sir.

"Q. Each one contained heroin? A. Yes."

Re-direct examination of Police Officer E. L. Kennedy:

"A. This is the small cellophane wrapped package that I picked up off the floorboard of the defendant's car at 9:45 p.m. January 6th, 1955.

"Q. That is what you turned over to McDonald, the chemist? A. Yes.

"Q. The gentleman that just testified here? A. Yes."

Re-direct examination of Police Officer H. M. Gray:

"Q. I hand you State's Exhibit No. 1 and ask you if you have seen that before? A. Yes sir.

"Q. What is that? A. These are the four capsules Sylvester Outley had in his hand.

"Q. They are the ones Mr. Kennedy picked up from the floor board of Sylvester Outley's automobile? A. Yes.

"Q. They are the ones you saw him throw down there? A. Yes."

No objection was interposed to the quoted testimony.

Wyatt v. State, No. 27,648, (page 139 this volume) 282 S.W. 2d 392, is in point and supports our holding that any question as to the admissibility of the narcotic as evidence was waived.

Appellant complains in his brief of the failure of the court to charge on circumstantial evidence. He relies upon his Bill of Exception No. 2, wherein it is shown that he orally objected and excepted to the omission.

The transcript shows no objections to the court's charge and no requested charges, and the court certifies in his qualification to Bill of Exception No. 2 that no written objections or exceptions and no special requested charges were presented to him.

In the absence of a timely objection in writing, or requested charge, we are in no position to pass upon the question of whether or not a charge on circumstantial evidence should have been given. Art. 658 V.A.C.C.P.; Sheffield v. State, 151 Texas Cr. R. 334, 206 S.W. 2d 1016.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.