John ALVARADO, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–85–190–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 17, 1986.

D. Brooks Cofer, Jr., Bryan, for appellant.

Bill R. Turner, Todd Jermstad, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea, found him guilty of voluntary manslaughter and assessed punishment at confinement for ninety-nine years. Issues before us concern the prosecutor's argument, a failure of the court to grant a change of venue, a failure of the court to quash the jury panel and an objection to the court's charge. We affirm.

In his first ground of error appellant contends the court erred in failing to grant his requested mistrial during the prosecutors argument to the jury during the guilt phase. Appellant was charged with killing Ernest Gonzales who at the time was in bed asleep with appellant's ex-wife, Mary Alvarado. Appellant and his ex-wife lived together from time to time following their divorce some nine years previous. In a pretrial motion and hearing, appellant sought to have Mary Alvarado's testimony suppressed on the ground that she was the wife of the Defendant. After a lengthy hearing the trial court refused to hold as a matter of law that they were married. While Mary Alvarado testified during the first trial, comments made by her before the jury caused the appellant to request and the court to grant a mistrial. At the second trial she did not testify. During the prosecutor's jury argument, during the guilt phase of the trial, the following occurred:

> (Prosecutor) Mary Alvarado did not testify. I think that you heard enough as to their relationship that you can see that probably there was a common law marriage at some point. At some point after the divorce and before this happened they were living together as man and wife and if she is a common law wife as I told you on jury selection, she cannot testify against her husband, but she is the only eyewitness, and they sure as heck didn't call her to testify for him.
>
> (Defense counsel) Your Honor, we object to that particular remark made by the State that that's not the law. It's an

improper comment. We would respectfully ask the Court to instruct the jury to disregard that comment.

The court overruled the objection and refused to instruct the jury to disregard.

■ On appeal, appellant now argues that the prosecutor "interjected new unsworn and untrue testimony, implying to the jury first that Mary Alvarado was the wife of the defendant, contrary to the Court's prior rulings and secondly that the State cannot call her to testify, when in fact the Court had held otherwise." The objections appellant now makes were not voiced at trial and therefore present nothing for review. The trial court did not err in overruling the objection made because the comment made by the prosecutor, that "if she is a common law wife ... she cannot testify against her husband," is a correct statement of case law. *Urteago v. State*, 169 Tex.Crim. 160, 333 S.W.2d 133 (1960). Appellants first ground° is overruled.

■ In his second ground of error appellant contends the court erred in failing to grant his motion for change of venue. Appellant filed his motion for change of venue, alleging that there exists in Brazos County "so great a prejudice against him that he cannot obtain a fair and impartial trial...." The motion was supported by the affidavit of three individuals. The state filed a controverting affidavit alleging that "[t]he affiants ... are not credible ... and their means of knowledge are not sufficient to support and justify the statements contained therein." Thus, in accordance with Article 31.04, Tex.Crim.Proc. Code Ann. (Vernon 1966), the issue was formed to be tried by the judge and the motion granted or refused, as the law and facts warranted.

At the hearing on the motion to change venue, the appellant called the affiant to the state's controverting affidavit as a witness. He established that she did not know either of the three affiants who swore appellant could not receive a fair trial. The appellant argued that since the state's affiant did not know them, she "had no way of knowing whether or not they were prejudiced in favor of the defendant." The appellant then moved to strike the affidavit on the basis that it "was not supported by sufficient facts to controvert" the appellant's motion to change venue. Appellant now argues the court was bound to strike the controverting affidavit and, as a matter of law, grant a change of venue. We disagree. Appellant has not cited any authority nor are we able to find any supporting appellant's position, that the sufficiency of the controverting affidavit is negated by the fact that the affiant does not know the affiants to the motion for change of venue or personally know they are prejudiced against the accused.

■ Once the controverting affidavit to the defendant's motion for change of venue is filed, the burden is then upon the accused to prove he cannot receive a fair and impartial trial. Appellant did not call any witnesses to show that he could not obtain a fair and impartial trial. The only evidence adduced by appellant was that there had been three television newscasts, the longest of which lasted some thirty-six seconds, following the granting of the previous mistrial. Additionally, he introduced two short newspaper articles published shortly after the commission of the offense, one similar article following the grant of the mistrial and two such articles that the new trial was beginning.

The voir dire examination of the jury is not before us and there is nothing to show that any objectionable juror served or that appellant exhausted his challenges. No error is therefore shown. *Phillips v. State*, 168 Tex.Crim. 463, 328 S.W.2d 873, 876 (1959). The second ground is overruled.

■ In his third ground appellant contends the court erred in failing to quash the jury panel. As best we can understand from an extremely deficient record, upon the recommendation of the judges of Brazos County and pursuant to the provisions of then Article 2100a, Tex.Rev.Civ.Stat. Ann., the commissioners court of Brazos County adopted a plan for "selecting per-

sons for jury service with the aid of mechanical or electronic means." Appellant filed a motion to quash the panel, alleging that "said plan does not comply with Sec. 2(b) Art. 2100a of Revised Statutes of Texas as the Source of Names in the Plan (Item 1) does not specify that the sources of names taken for jury purposes include the register of permanently exempt persons maintained by the county tax collector under Article 2137a." He further alleged that "there is no register of permanently exempt persons maintained by the county tax collector of Brazos County, Texas as required by statute."

At the hearing on the motion to quash the jury panel defense counsel offered a copy of the jury list, which does not appear in the record, and "Movant's Exhibit No. 1", stating that it was "the order for providing the selection of jurors here in Brazos County." Defense counsel then set forth what he stated was:

> the prior stipulation that [was] made on February the 4th, 1985 that there was no—or to this effect that there was no separate list of excused or prospective jurors over 65 that was maintained in the office of the Tax Assessor and Collector of Brazos County, Texas. I think that was the essence of the stipulation.

This was all the evidence produced on this motion. Based on this, the trial court denied the motion as follows:

> All right, the basis of my ruling previously as well as today, overruling this motion to quash the jury panel, basically is that while the electronic jury selection order does appear to omit every requirement that the pool of prospective jurors include those names kept on a registered permanently exempt persons to be maintained by the County Tax Collector. I can see no way that the defendant can be harmed in view of the fact that since there is no list of permanently exempt persons maintained in this County evidently, therefore, all registered voters apparently are part of the pool of prospective jurors.

It is the duty of the attorneys to provide the appellate court with a record sufficient to pass upon the issues presented. The above sections of the record do not provide us a sufficient basis to address appellant's ground of error. The third ground is overruled.

In his fourth ground appellant contends the court erred in failing to give his requested instruction to the jury at the guilt phase of trial that the jury could consider all facts and circumstances surrounding the killing and the previous relationship between the accused and the deceased.

The state challenges our consideration of this ground, contending that while there is a written requested instruction contained in the transcript, there is nothing in the record to show that it was ever presented to the court or that the court ruled upon the request. We agree. Nothing is presented for review. Appellant's fourth ground is overruled.

The judgment is affirmed.

MURPHY, Justice, dissenting.

Finding myself in disagreement with the other members of the court, I would like to record my respectful dissent. In his first ground of error, appellant complains that the trial court erred in failing to grant his requested mistrial during the prosecutor's argument to the jury during the guilt phase. I would sustain this ground of error.

There were two trials of this cause, the first resulting in a mistrial. In a pretrial motion and hearing, appellant sought to have the testimony of his ex-wife suppressed on the ground that she was his now common law wife. The trial court refused to hold as a *matter of law* that they were married. Appellant filed a supplemental motion to suppress again alleging that Mary Alvarado was his wife and therefore incompetent to testify against him. This second motion was also overruled. Although Mary Alvarado was called by the State to testify during the first trial,

she was not called during the second trial. During jury argument, the following remarks were made by the Prosecutor:

> (Prosecutor) Mary Alvarado did not testify. I think that you heard enough as to their relationship that you can see that probably there was a common law marriage at some point. At some point after the divorce and before this happened they were living together as man and wife and if she is a common law wife as I told you on jury selection, she cannot testify against her husband, but she is the only eyewitness, and they sure as heck didn't call her to testify for him.

> (DEFENSE COUNSEL) Your Honor, we object to that particular remark made by the State that thats not the law. Its an improper comment. We would respectfully ask the Court to instruct the jury to disregard that comment.

The court overruled the objection and refused to instruct the jury to disregard the comment.

Appellant's first ground of error complains that the State's jury argument quoted above "interjected new unsworn and untrue testimony, implying to the jury first that Mary Alvarado was the wife of the defendant, contrary to the Court's prior rulings and secondly that the State cannot call her to testify, when in fact the Court had held otherwise." The majority opinion states that this objection quoted above is not the same as that voiced at trial and therefore nothing is presented for review. I disagree with this conclusion.

A complete reading of the record reveals that after counsel's objection was overruled, he then excepted and moved for a mistrial. A bench conference ensued during which counsel clarified his position and argued that the Prosecutor's argument introduced additional evidence for the jury. During the conference counsel stated in pertinent part the following:

> We have a second point of error. The State—in regards to counsel's remarks, and the second point is that counsel attempted to state what Mary Alvarado would have said and that her attempt to state what she would have said is introducing additional evidence for the jury.

From a reading of the record, I find it clear that counsel adequately preserved error and that the objection voiced at trial comports with that raised on appeal. It is clear that counsel objected to the jury argument on the ground that it was improper in that it injected additional evidence before the jury contrary to the Court's prior rulings on whether a common law marriage existed.

Turning next to the merits of this ground of error, I am of the opinion that the jury argument was improper as it impermissibly injected new and harmful facts into the case. The law is clear that there are four general areas of acceptable jury argument which include: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Denison v. State*, 651 S.W.2d 754, 761 (Tex.Crim.App.1983). Furthermore, jury argument is not reversible error unless it is manifestly improper, harmful and prejudicial when considered with the record as a whole. *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Crim.App.1983).

In this connection I note that in the first trial of this cause the State, in accordance with the court's pretrial ruling on defendant's motion to suppress Mary Alvarado's testimony, availed itself of the opportunity to call Mrs. Alvarado as a witness. This was done pursuant to the court's ruling that a common law marriage did not exist as a matter of law. The first trial resulted in a mistrial when Mrs. Alvarado testified as to an extraneous offense. During appellant's second trial the same ruling was in effect, therefore the State could again have called Mary Alvarado as a witness. The State did not call her, however, and the record does not reflect that the issue of the existence of a common law marriage was developed as a fact issue before the jury by either the defense or the State. Instead the record discloses only a few comments by appellant while he was testifying that

he had lived with Mary after their divorce and that he liked her. These comments were not in response to the development of an issue of whether a common law marriage existed, but rather were in response to questions about what transpired on the night of the murder. Thus it is clear that the only time the issue was raised was during pretrial motions *outside* the presence of the jury. Since the State then opted not to call Mrs. Alvarado the defense had no need to attempt to exclude non-existent testimony on the basis that a common law marriage existed. It was only during jury argument that the State raised the issue of common law marriage, the effect that the existence of such had on its ability to call Mary Alvarado, and the inferences to be drawn from appellant's failure to call her.

Since the issue was not developed by either side during trial, I fail to see how it was proper for the Prosecutor to make the complained of comments during jury argument. It is true that the existence of a common law marriage is an issue of fact to be determined by the trier of fact. *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim. App.1981). Furthermore, it is true as the State asserts, that if a claim of common law marriage between a witness summoned by the State and the accused is raised, and some evidence of the foregoing elements is offered in a trial *before a jury*, then the issue should be submitted to the jury. *Aguilar v. State*, 658 S.W.2d 802, 805 (Tex. App.—Dallas 1983, pet. ref'd). In this case, however, the issue of the existence of a common law marriage was raised by a pretrial motion only. The court ruled as a matter of law that no marriage existed and testimony of Mrs. Alvarado would not be suppressed. The issue was not pursued further even though the State could have called Mrs. Alvarado as they did in the first trial.

The State tries to bolster its argument that a fact issue was developed as to the existence of a common law marriage by claiming that some evidence was presented to the jury on this issue. As discussed above, however, the few remarks made by appellant as to living with Mrs. Alvarado after the divorce and occasionally supporting her were not in the context of the development of the issue of a common law marriage. Furthermore, in order to raise the issue of common law marriage, it is necessary that the evidence developed during trial reflect all of the following: (1) an agreement presently to become man and wife and a living together pursuant to the agreement; (2) cohabitation as husband and wife; and (3) a holding out of each other to the public as husband and wife. *Hightower v. State*, 629 S.W.2d 920, 924 (Tex.Crim.App.1981). A complete reading of the record demonstrates that no predicate of this nature was developed by either side during the trial. The State also asserts that its jury argument is not inconsistent with appellant's position during trial. This is true with respect to appellant's contention during *pretrial motions*, but again it was not developed during trial as a fact issue for the jury. Certainly the defense had no need to develop the issue as the State opted *not* to call Mrs. Alvarado.

The standard by which to judge improper comments by a prosecutor has long provided that reversible error exists if: (1) the argument is manifestly improper, harmful and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case. *Williams v. State*, 607 S.W.2d 577, 581 (Tex.Crim.App.1980). Furthermore, in order to determine whether the argument is manifestly improper, harmful and prejudicial, a reviewing court must consider the comments in light of the record as a whole *and in relation to the probable effect on the minds of the jurors under the facts of each case. See, e.g., Simpkins v. State*, 590 S.W.2d 129, 136 (Tex.Crim.App.1979); *Blansett v. State*, 556 S.W.2d 322, 328 (Tex.Crim.App.1977) (emphasis added).

I am of the opinion that reversible error occurred as a result of the Prosecutor's complained of jury argument. The issue of a common law marriage between appellant and Mrs. Alvarado was not developed as a fact issue during trial. The argument

clearly injected a new and harmful fact into the case. I would sustain appellant's first ground of error.