# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00270-CR

**Jermeral Kernall, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 60492, HONORABLE JOE CARROLL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Jermeral Kernall appeals his conviction for burglary of a habitation with intent to commit aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 30.02 (West 2003). The jury found appellant guilty, and after finding the enhancement allegations as to a prior conviction to be true, it assessed appellant's punishment at sixteen years' imprisonment.

## POINTS OF ERROR

Appellant advances three points of error. First, appellant contends that the trial court erred in admitting into evidence at the guilt/innocence stage of the trial an extraneous offense to which appellant was not sufficiently connected, and that the prejudicial effect of the extraneous offense outweighed the probative value of the evidence. Second and third, appellant asserts that the trial court erred in overruling his objections to the State's jury argument at the punishment stage of the trial in that one argument encouraged the jury to assess punishment based on extraneous offenses,

while the other argument encouraged the jury to speculate about whether a weapon used by appellant in an extraneous offense was loaded.

## BACKGROUND

Appellant does not challenge the legal or factual sufficiency of the evidence to sustain his conviction. Thus, it is not necessary to discuss the facts at length. The record reflects that in the early morning hours of August 15, 2006, Maria Ybarra and Calvin Freeman were asleep in her apartment in Temple. She was awakened by a man in a "stocking cap" pointing a gun at her. The man demanded money and property. He hit Freeman twice in the face and head causing Freeman to bleed profusely. During the altercation, the intruder's "mask" slipped and both Ybarra and Freeman recognized his face. In fact, Freeman knew him as "Andre." Eventually, the intruder took $200 from a place beside the bed and another $200 from Ybarra's purse before leaving the apartment.

The Temple police were called, and upon arrival the police discovered that the front door of the apartment had been kicked in. Calvin Freeman was taken to Scott and White Hospital for treatment of his injuries.

Later, Freeman's brother brought to Ybarra a "football program" in a school yearbook containing a photograph of appellant, Jermeral Andre Kernall. Ybarra took the program to the Temple police and pointed out the photograph as that of the intruder into her apartment. She and

Freeman each identified appellant in different photographic line-ups. Later, they made in-court identifications of appellant.[1]

## EXTRANEOUS OFFENSE

In his first point of error appellant claims that the trial court erred in admitting into evidence an extraneous offense against him over objection. He urges that the evidence was insufficient to connect him with the extraneous offense "and the prejudicial effect of the [extraneous] offense outweighed the probative value of the evidence."

At the guilt/innocence stage of the trial as Officer Kenneth Johnson was testifying about the instant offense, the State on direct examination began to interrogate him about an event that had occurred three days later on August 18, 2006. The jury was removed, and a hearing was conducted on appellant's rule 404(b) and rule 403 objections. *See* Tex. R. Evid. 403, 404(b). The State pointed out that it did not intend at that time to prove that a robbery occurred at the Red Roof Inn in Temple that day. It only intended to show that appellant was arrested there on the date in question near Room 232, and that when an officer followed a maid into Room 231 next door, he discovered a semi-automatic pistol and gun clip on the bed, and also found in the room appellant's Texas ID card and Texas driver's license, each containing appellant's photograph. The State sought to link the gun to appellant. After some argument, the trial court overruled appellant's rules 403 and

---

[1] At trial, the defense sought to establish that Marie Ybarra had inflicted the injuries on Calvin Freeman during an argument, and the story of an intruder was invented because Ybarra was on probation for another offense.

3

404(b) objections noting that the evidence would be admitted on the issue of identity under rule 404(b), and that a "balancing act" under rule 403 had been performed. The record then reflects:

[Defense counsel]: All right. Your Honor, just for the purposes of the record may I have a running objection.

The Court: you may.

Before the jury, Officer Johnson related that he and other officers responded to an "investigation" at the Red Roof Inn on August 18, 2006, and that appellant, Kelly Anzadula, David Williams, and Michael Whitehead were detained. They had all been found in or near Room 232. The officer testified that his supervisor, Sergeant David Davis, arrived at the motel as appellant was being placed in a patrol vehicle. Sgt. Davis later testified that on August 18, 2006, he had gone to the Red Roof Inn and had come in contact with appellant and the other three individuals named above. Sgt. Davis related that he followed a hotel maid into Room 231 next to Room 232. Once inside, he saw a pistol on the bed and the identification cards with appellant's photograph on each. Sgt. Davis then identified State's exhibits 21 through 27 as photographs taken in Room 231 of the gun, the loaded gun clip, and the identification cards. When these seven photographs were offered into evidence, the defense responded: "No objections." The exhibits were admitted into evidence.

Subsequently, during Sgt. Davis's testimony, the record reflects:

Q.    [Prosecutor]: Showing you State's Exhibit Number 28, Sergeant is this that gun that was recovered in Room 231?

A.    Yes, it is.

4

[Prosecutor]: Alright. Thank you. Your Honor, State's [sic] moves to admit Exhibit No. 28.

[Defense counsel]: No objections at this time, your Honor.

The Court: Admitted.

Here, on appeal appellant complains that the trial court erred in admitting evidence of an extraneous offense of the possession of a gun found in Room 231 of the Red Roof Inn on August 18, 2006. It appears, under the circumstances, that appellant has waived any error. If a party affirmatively asserts during trial that he has "no objection" to the previously complained-of or objected-to evidence, any error in the admission of the evidence is waived. *Norris v. State*, 902 S.W.2d 428, 439 (Tex. Crim. App. 1995); *James v. State*, 772 S.W.2d 84, 97 (Tex. Crim. App. 1989); *Boykin v. State*, 504 S.W.2d 855, 857 (Tex. Crim. App. 1974); *Flores v. State*, 215 S.W.3d 520, 531 (Tex. App.—Beaumont 2007), *aff'd*, 245 S.W.3d 432 (Tex. Crim. App. 2008); 43A George E. Dix & Robert O. Davidson, *Texas Practice*: *Criminal Practice and Procedure* § 42.273, (2d ed. 2001); *see also Pojar v. Cifre*, 199 S.W.3d 317, 341 (Tex. App.—Corpus Christi 2006, pet. denied) (stating the same rule in civil cases).

Recently, the Texas Court of Criminal Appeals in *Holmes v. State*, 248 S.W.3d 194, 200-02 (Tex. Crim. App. 2008), reaffirmed the earlier case of *Wyatt v. State*, 282 S.W.2d 392 (Tex. Crim. App. 1955), to the extent that case held a defendant waives any complaint on appeal concerning the admission of evidence when he affirmatively states "no objection" at the time the evidence is offered. To that extent, *Wyatt* is still good law. *Holmes*, 248 S.W.3d at 201.

5

By affirmatively stating "no objection" to the photographs (State's exhibits Nos. 21-27) showing the semi-automatic pistol and loaded clip and the identification cards, and offering "no objection" to the offer of the gun and clip, appellant has waived any error in the admission of the evidence of the extraneous offense, and has lost the ability to claim error in that regard. The fact that there was a running objection does not change the rule. We need not address appellant's claim. The first point of error is overruled.

## JURY ARGUMENT

In his second point of error, appellant urges that the trial court erred in overruling his objection to the State's argument at the punishment stage of the trial "encouraging the jury to assess punishment based on evidence of extraneous offenses."

At the punishment stage, the State offered evidence to support the enhancement allegation that appellant had previously been adjudicated a delinquent on the basis of a felony, to wit: robbery and committed to the Texas Youth Council in 2003. *See* Tex. Penal Code Ann. § 12.42(f) (West Supp. 2008). Appellant in his testimony at the punishment stage confirmed this adjudication and commitment.[2] He further testified that at the time he was also on juvenile probation for being an accomplice to another robbery. His mother testified, *inter alia*, that appellant had been involved in four robberies in four years.

---

[2] In his testimony, appellant denied the instant offense, claiming that he was out of town when it occurred. He also denied the robbery which was the basis of his adjudication and commitment to the Texas Youth Council. Appellant further testified that he was at the Red Roof Inn on August 18, 2006, to pick up his identification cards that he had left there the night before.

The State also offered evidence of an unadjudicated robbery that occurred at the Red Roof Inn on August 18, 2006. *See* Tex. Code Crim. Proc. Ann. art. 37.07(3)(a)(1) (West Supp. 2008).[3] Jordache Blair was a guest at the motel on the date in question. When he left the motel at nine o'clock that morning, he testified that he was accosted by appellant, whom he identified in court. Appellant placed a black semi-automatic gun in Blair's face. Blair dropped his son's diaper bag and began to run. As Blair looked back, he saw appellant pick up the diaper bag. The diaper bag was later found in Room 231 with a pistol, gun clip, and appellant's identification cards.

During jury argument, appellant's counsel told the jury:

. . . . But we are asking—and you have to punish. We are asking for a minimum punishment. We are asking for five years. We are asking you to find not true on the enhancement and find five years on punishment. . . .

In response, the State's attorney argued:

What is right is doing justice. What is right is giving this man what he has earned. When the defense attorney asked you to disregard the prior adjudication for robbery and sentence to juvenile prison and to give five years in this case, he wants you to give a little more than one year for each robbery this defendant has been a part of it [sic].

The record then reflects:

[Defense counsel]: Objection your Honor. He is not on trial for any other cases.

[Prosecutor]: Judge, this is sentencing.

The Court: I will overrule the objection.

---

[3] The current code is cited for convenience.

Permissible jury argument generally falls within one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Berry v. State*, 233 S.W.3d 847, 859 (Tex. Crim. App. 2007); *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000).

Even if the defense objection was sufficient, the prosecutor's argument was permissible as an answer to opposing counsel's argument with overtones also of being a plea for law enforcement. Moreover, appellant does not challenge on appeal the admissibility of evidence of the extraneous offenses or bad acts under article 37.07(3)(a)(1) at the punishment stage, but urges that these "other cases" admitted into evidence should not be considered by the jury in assessing punishment. *Arthur v. State*, 11 S.W.3d 386, 391-93 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd), fully examined this issue and under the current law roundly rejected the contention now advanced by appellant. Prior crimes or bad acts are introduced to provide additional information that the jury may consider in determining what punishment the defendant should receive. *Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999); *Davis v. State*, 968 S.W.2d 368, 373 (Tex. Crim. App. 1998).

Appellant cites *Lomas v. State*, 707 S.W.2d 566, 568-69 (Tex. Crim. App. 1986), and its progeny to support his contention. *Lomas* held in effect that a prosecutor may not encourage a jury to include additional punishment because of a collateral crime. *See also Kolueppel v. State*, 505 S.W.2d 572, 573 (Tex. Crim. App. 1974). In *Grunsfeld v. State*, 843 S.W.2d 521 (Tex. Crim. App. 1992), it was held that the admission of unadjudicated extraneous offense evidence at the punishment stage of a non-capital trial was reversible error. *Id*. at 526. As *Arthur*, 11 S.W.3d

8

at 392-93, pointed out, all of these opinions concerned trials conducted before September 1, 1993, when the legislation amending article 37.07, section 3(a) became effective and superseded these holdings. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.05, art. 37.07, 1993 Tex. Gen. Laws 3759 (effective Sept. 1, 1993). This amendment allowed a jury to consider at the punishment stage of a trial extraneous offenses that were not adjudicated, but only if the State proved beyond a reasonable doubt that the offense occurred and that the defendant committed the offense. *See* Tex. Code Crim. Proc. Ann. art. 37.07(3)(a)(1) (West Supp. 2008); *Arthur*, 11 S.W.3d at 392. The State asked the jury to assess life imprisonment. The jury assessed sixteen years' imprisonment. We overrule appellant's second point of error.

In his third point of error, appellant complains again about the State's jury argument at the punishment stage of the trial. He asserts the argument encouraged the jury to speculate about whether the weapon "allegedly" used by appellant in the extraneous offense of August 18, 2006, was loaded. The record reflects the complained-of argument and objection:

> You folks have a responsibility to the community. I started talking to you about that when I first got up here. Because when [sic] take a look at what else is connected with State's Exhibit Number 28, it is the clip for this gun. You folks see what's sticking up on top of there? It is a bullet. This gun was loaded when it was found. When it was put in the face of Jody Blair it was loaded.
>
> [Defense counsel]: Objection, Your Honor. Again, that is speculation. There is no evidence that the gun was loaded at the time.
>
> [Prosecutor]: Inference from the facts.
>
> The Court: All right. I will overrule.

9

Appellant's objection was directed and limited to the prosecutor's last sentence before the objection. The State contends that the earlier portion of the quoted argument was a summation of the evidence and a permissible plea for law enforcement, *see Berry*, 233 S.W.3d at 859, while the last sentence was a reasonable deduction from the evidence constituting proper jury argument. *See id*.

Jordache Blair was leaving the Red Roof Inn when appellant, according to Blair, placed a black semi-automatic handgun in his face. Blair turned and ran. When he looked back, he saw appellant pick up the diaper bag that he had dropped when he was accosted by appellant. The diaper bag contained some of Blair's personal items. The police were immediately called and responded. Appellant was identified as the robber and arrested. Shortly thereafter, in Room 231 of the Red Roof Inn, an officer found appellant's identification cards, the gun and its clip and Blair's diaper bag. State's exhibits Nos. 21 and 23 are photographs of the gun found on the bed with the clip in the gun. State's exhibit No. 22 is a photograph of the gun with the clip removed revealing a bullet in the clip. The gun discovered matched the description given by Blair.

Appellant relies upon *Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007), holding that while juries may draw multiple inferences as long as each inference is supported by the evidence presented at trial, they are not free to come to a conclusion based on mere speculation or factually unsupported inferences or presumptions. *Id*. at 15-16. *Hooper* dealt with sufficiency of the evidence to support the jury's verdict and the stacking of inferences. *Id*. Here, we are confronted with a one-sentence jury argument of which appellant complains. *Hooper* is not controlling. The argument was related to an extraneous offense and whether the gun was then loaded. The argument was a

reasonable deduction for the prosecutor to make from the evidence. It was not outside the area of proper jury argument. *Cannady*, 11 S.W.3d at 213. We overrule the third point of error.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Patterson, Pemberton and Onion*

Affirmed

Filed:   October 7, 2009

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).