IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00140-CR

 

JEFFREY SCOTT BERSUCH,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F33732

 



Opinion










 

            Jeffrey Scott Bersuch was convicted of
intoxication manslaughter and sentenced to ten years in prison.  See Tex. Penal Code Ann. § 49.08 (Vernon Supp.
2009).  After spending a short time in prison, the trial court suspended his
sentence and placed Bersuch on community supervision.  Several years later, the
trial court revoked Bersuch’s community supervision and again sentenced him to
ten years in prison.  We affirm.  

            In one issue, Bersuch contends the
trial court abused its discretion when it found he had violated the terms of
his community supervision as alleged by the State in its motion to revoke.  In
this one issue, Bersuch challenges the court’s finding on each violation
alleged in the motion to revoke.

            Bersuch first argues that the trial
court abused its discretion when it found he had violated the terms of his
community supervision by relying on a 2006 conviction for driving while
intoxicated.  Specifically, Bersuch argues that the trial court could not
consider this conviction as a violation in this motion to revoke hearing
because the same offense had been the subject of a prior motion to revoke filed
by the State.  To support this proposition, he relies on an opinion from the
Court of Criminal Appeals where the Court stated

It would be the epitome of arbitrariness for a
court first to conduct a hearing on alleged violations and exercise its
discretion to return the probationer to probation…and then decide several
months later to exercise its discretion in the opposite fashion by revoking the
probation without any determination of a new violation.

 

Rogers v. State, 640 S.W.2d 248, 252 (Tex. Crim. App. 1981) (op. on 1st reh’g).  Rogers does not apply to this case.  The previous motion to revoke did not allege
the 2006 conviction as a ground for revocation although it appears the
consumption of alcohol on the prior occasion was alleged in the motion. 
Regardless, the prior motion was withdrawn by the State; and so there was no
hearing held on that motion.  Thus, there was no exercise of the trial court’s
discretion to continue Bersuch on community supervision and subsequently the
“exercise of its discretion in the opposite fashion by revoking” community
supervision.[1] 
Therefore, the trial court could properly use the 2006 conviction as a basis
for revoking Bersuch’s community supervision.

            Because one ground for revocation, if
proven, is sufficient to revoke a defendant's community supervision, we need
not discuss Bersuch’s remaining complaints.  See Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  

            Bersuch’s sole issue is overruled, and
the trial court’s judgment is affirmed.  

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed November 4, 2009

Publish


[CR25]









[1] Further,
when the judgment of the conviction was introduced into evidence, Bersuch
affirmatively stated that he had no objection to its introduction.  A defendant
waives any complaint on appeal concerning the admissibility of evidence when he
affirmatively states, "No objection," at the time the evidence is
offered.  Holmes v. State, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008); Moody
v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); Wyatt v. State,
162 Tex. Crim. 134, 282 S.W.2d 392, 393 (Tex. Crim. App. 1955).  Any complaint
about the trial court’s consideration of Bersuch’s 2006 conviction is waived.