COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

MARK BROWN III, §

    Appellant, §

v. §

THE STATE OF TEXAS, §

    Appellee. §

§

No. 08-09-00037-CR

Appeal from the

15th District Court

of Grayson County, Texas

(TC# 055589-15)

## **O P I N I O N**

Appellant, Mark Brown III, was convicted of possession of cocaine in the amount of less than one gram and sentenced to two years' incarceration. In a single issue on appeal, he challenges the trial court's failure to suppress the cocaine seized from his residence. Finding Appellant failed to preserve his complaint for our review, we affirm.

## **BACKGROUND**

On October 20, 2006, Officer John Shock executed a search warrant for cocaine at Appellant's residence in Denison, Texas. Inside, the officer located Appellant in the bedroom, and a search of Appellant revealed a small, clear plastic bag containing a white rock substance. That substance tested positive for cocaine. Officer Shock also searched the house and seized another white rock substance found on a bed in the southwest bedroom of the house. Subsequent analysis of that substance also revealed that it was cocaine. Finally, Officer Shock found several items of drug paraphernalia, including smoking pipes, scales, and syringes. As a result, Appellant was arrested.

Appellant later filed a motion to suppress, alleging that the search warrant was deficient

because it did not specify the place to be searched or the property to be seized. At the motion-to-suppress hearing, Officer Shock testified that Appellant was involved in an ongoing narcotics investigation. Shock's affidavit, which was attached to the search warrant, stated that he had received information from multiple sources over the past two years that Appellant was involved in the distribution of cocaine. It further revealed that on September 26, 2006, and October 23, 2006, a confidential informant completed two controlled buys from Appellant. According to Shock, the confidential informant was credible and found to be reliable in the past. However, Shock noted that the controlled buys with Appellant were the first time he used the confidential informant and that he was not aware that the confidential informant had worked with any other law-enforcement agencies before. He further stated that before and after the controlled buys, he patted down the confidential informant for drugs but did not pat down the breast or crotch area.

At the conclusion of testimony, Appellant asserted that the motion to suppress was based on "lack of probable cause based on the confidential informant, well, just like the probable cause and the warrant didn't specify the place to be searched and what to be seized." The trial court denied the motion.

## DISCUSSION

On appeal, Appellant contends that the search warrant lacked "verified credible information," contending that sufficient probable cause did not exist to issue the warrant as: (1) the informant, who was a criminal, was not named in the officer's affidavit attached to the warrant; (2) the officer had no prior history of receiving credible information from the informant, nor was he aware of the informant having provided credible information to other law-enforcement agencies; and (3) the officer was unable to pat down the informant's "crotch" and "breast" area prior to the controlled buy, thus suggesting that the informant may have already had cocaine on her person. Accordingly,

Appellant asserts that the cocaine seized from his house was the result of an illegal search warrant and the trial court should have suppressed the cocaine. However, we do not reach the merits of Appellant's arguments as a review of the record reflects that his complaints are not preserved for our review.

Preservation of error is a systemic requirement that we should review on our own motion. *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007). To preserve a complaint for appellate review, a party must make a timely, specific objection in the trial court. TEX. R. APP. P. 33.1. Moreover, the point of error on appeal must correspond to the objection made at trial. *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Where the trial objection does not comport with the appellate complaint, the complained-of error is not preserved for our review. *Barley v. State*, 906 S.W.2d 27, 37 (Tex. Crim. App. 1995).

Here, the motion to suppress solely attacked the search warrant on grounds that it failed to specify the place to be searched or the property to be seized. Prior to testimony at the motion-to-suppress hearing, Appellant made the same complaint to the trial court. At the conclusion of testimony, Appellant initially attempted to argue that the suppression motion was based on lack of probable cause to issue the search warrant based on the confidential informant's reliability, but then he recognized that he did not place that allegation in his motion and thus concluded that the issue was simply rather the search warrant failed to specify the place to be searched or the property to be seized. Accordingly, Appellant seems to have withdrawn his appellate complaint from the trial court's consideration, solely asserting that the search warrant simply did not specify the place to be searched or the items to be seized. Therefore, any appellate argument that the search warrant failed to contain sufficient probable cause based on allegations that the confidential informant was not credible or reliable does not comport with the complaints raised in the trial court below. As a result,

Appellant's first issue is not preserved for our review. *See Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007); *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003); *Schultze v. State*, 177 S.W.3d 26, 41 (Tex. App. – Houston [1st Dist.] 2005, pet. ref'd) (cases holding complaint on appeal must comport with the objection made at trial).

Furthermore, even if we were to conclude that Appellant's complaint on appeal comports with his trial objection, we note that he raised no objection when the cocaine was admitted at trial. Generally, when a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *See Livingston v. State*, 739 S.W.2d 311, 334 (Tex. Crim. App. 1987); *Figueroa v. State*, 250 S.W.3d 490, 514 (Tex. App. – Austin 2008, pet. ref'd). However, "[a] defendant who affirmatively states, 'No objection,' when evidence is offered, waives his right to complain on appeal that the evidence was, as a matter of law, illegally obtained . . . ." *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008).

Here, when the State admitted the lab report and cocaine into evidence, Appellant raised a hearsay objection to the lab report but stated that he had no objection to the admission of the cocaine. As such, Appellant waived any error in the admission of the cocaine seized from his house when it was offered at trial. *See Gonzales v. State*, 167 Tex. Crim. 433, 320 S.W.2d 837, 838 (1959); *Kimmel v. State*, No. 08-08-00028-CR, 2009 WL 4673791, at *1 (Tex. App. – El Paso Dec. 9, 2009, pet. ref'd) (op., not designated for publication); *Marshall v. State*, No. 07-08-0499-CR, 2009 WL 4573476, at *1 (Tex. App. – Amarillo Dec. 7, 2009, no pet.) (mem. op., not designated for publication) (cases holding any error not preserved from adverse ruling on motion to suppress narcotics based on deficient search-warrant allegations as appellant stated "no objection" when the narcotics were admitted at trial). Therefore, his first issue is not preserved for our review and we

overrule the same.

Additionally, we note that the trial court certified that Appellant had a right to appeal but the certification does not contain Appellant's signature indicating that he was informed of his rights to appeal and to file a *pro se* petition for discretionary review. As the certification is defective and has not been corrected by the trial court or Appellant's attorney, we, in order to remedy this defect, order Appellant's attorney, pursuant to Rule 48.4 of the Rules of Appellate Procedure, to send Appellant a copy of our opinion and judgment, notify Appellant of his right to file a *pro se* petition for discretionary review, and inform Appellant of the pertinent deadlines. *See* TEX. R. APP. P. 48.4, 68. Appellant's attorney is further ordered to comply with all of the requirements of Rule 48.4.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

July 21, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)