COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| COREY WAYNE HAMILTON, | § | No. 08-09-00011-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court No. 4 |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# F-0758925-K) |
| | § | |

**O P I N I O N**

Corey Hamilton appeals his conviction for unlawful possession of cocaine with intent to

deliver, in an amount of one gram or more but less than four grams. The trial judge sentenced

Appellant to 12 years' imprisonment with a $500 fine.[1] On appeal, he challenges the court's

judgment on the basis of factual insufficiency of the evidence for the conviction, the court's

denial of his motion to disclose a confidential informant, and the court's denial of his motion to

suppress. Appellant also argues the written judgment erroneously recites that he entered a "not

true" plea to the enhancement paragraph.

On October 30, 2007, Detective William Jackson, an officer in the Dallas Police

---

[1] Appellant was convicted at trial of unlawful possession of cocaine with intent to deliver
and unlawful possession of a firearm by a felon, and he was sentenced concurrently for the two
offenses. Appellant has appealed both convictions and this Court has addressed them as
companion cases. In Appellant's brief, Issues One, Three, Four, and Five raise arguments with
respect to his conviction for unlawful possession of cocaine with intent to deliver, while Issues
Two, Three, and Four raise arguments with respect to his conviction for unlawful possession of a
firearm by a felon.

Department's narcotics division, received a tip that a black male called "Little C" was operating a drug house, or a "trap," on Hamilton Avenue in Dallas. The next day, Detective Jackson employed a confidential informant to purchase drugs from the house, known as a "controlled buy." The detective provided the informant with instructions and money, and he sent the informant into the house to make the controlled buy after Appellant walked into the residence. Detective Jackson searched the informant prior to sending him into and after he came out of the house, and upon completing the transaction, Appellant met with the detective to give him the drugs and discuss what had happened. They repeated the process on November 6, 2007, in order to verify the house was a trap engaged in an ongoing business of selling drugs.

Based on the foregoing information, Detective Jackson obtained a search warrant for the house, which was executed on November 7, 2007. Once inside the house, the officers found two men and a woman in a back bedroom. The men were identified as Appellant and Shaun Dines, and the woman was identified as Traci Sydes. The officers arrested both Appellant and Mr. Dines. Inside the house, the officers found a plate with a few bags of chunky, white substance on the kitchen counter. An electronic scale, a razor blade, and six yellow bags containing a white powder substance were located near the plate. They found a bag containing more white rock-like substance in a kitchen cabinet. A lab test confirmed the contents of five clear plastic bags to be 10.1 grams of cocaine. The officers also discovered two loaded guns on top of a mattress near the front door, a box of bullets in another kitchen cabinet, and more than $300 in cash throughout the house.

Appellant was charged by indictment with possession with intent to deliver, of more than four but less than two hundred grams of cocaine. The indictment contained one enhancement

paragraph. Appellant pled not guilty to the charge. However, the jury convicted Appellant of possession with intent to deliver, of more than one but less than four grams of cocaine. Appellant then entered a plea of true to the enhancement paragraph. The trial court found the enhancement paragraph to be true, and it assessed punishment at twelve years' confinement with a $500 fine. Appellant filed a notice of appeal for the conviction in November 2008.

In Issue One, Appellant argues the evidence is factually insufficient to support his conviction for possession with intent to deliver, of more than one but less than four grams of cocaine. However, since Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia* legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issue One as a challenge to the legal sufficiency of the evidence. *See id*. at 898-900.

A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When conducting such a review, this Court is required to defer to the jury's role as the sole judge of witness credibility, and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

In a possession with intent to deliver case, the prosecution's burden of proof consists of three elements. *See King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). The State must prove beyond a reasonable doubt that the accused: (1) exercised care, custody, control, or

management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. *See* TEX.CODE CRIM.PROC.ANN. art. 38.03 (West Supp. 2010); TEX.HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.112(a)(West 2010).

Appellant argues that there is insufficient evidence to establish an affirmative link between himself and the contraband. He argues that the evidence in this case shows his connection with the drugs was nothing more than fortuitous. In order to prove that the accused had knowledge of, and control over the contraband in cases where the accused is not in sole possession of the location where the substance is found, there must be additional independent facts and circumstances which link the accused to the contraband. *See Evans v. State*, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006). Whether direct or circumstantial, the evidence must establish the accused's connection with the contraband was more than just fortuitous. *Id*. at 161. While the accused's mere presence at the location where the contraband is found is insufficient to establish possession, presence, when combined with other "affirmative links" between the accused and the contraband, may well be sufficient to establish the element beyond a reasonable doubt. *Id*. at 162.

The key to this type of possession inquiry is the "logical force" with which the evidence supports an inference of conscious possession of contraband by the accused. *See Evans*, 202 S.W.3d at 161-62; *Porter v. State*, 873 S.W.2d 729, 732 (Tex.App.--Dallas 1994, pet. ref'd). Texas courts have utilized a wide variety of factors to analyze the sufficiency of the evidence in support of the jury's affirmative finding of possession, including: (1) the defendant's presence at the location where a search warrant was executed; (2) whether the contraband was in plain view;

(3) the defendant's proximity to and accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was a residual odor of contraband; (10) whether the defendant owned or had the right to possess the place where the drugs were found; (11) whether the drugs were found in an enclosed area; (12) whether the accused was the operator of an automobile where contraband was found; (13) whether the defendant was found with a large amount of cash or weapons at the time of his arrest; (14) whether the conduct of the accused indicated a consciousness of guilt; and (15) whether there was a significant amount of contraband seized. *See Evans*, 202 S.W.3d at 162 n.12; *Smith v. State*, 176 S.W.3d 907, 916 (Tex.App.--Dallas 2005, pet. ref'd).

In this instance, the following evidence "links" Appellant to the drugs: (1) the house was sparsely furnished; (2) drugs and other contraband, including a razor blade, a plate, and an electronic scale, sat in plain view on the kitchen counter; (3) drugs and other contraband were found only a few feet away from the back door; (4) a large amount of cash belonging to Appellant was found inside the house; and (5) Appellant was seen twice at the house. Having reviewed the record in the light most favorable to the verdict, we determine the evidence sufficiently established Appellant's connection with the contraband. We conclude the jury was rationally justified in finding Appellant's guilt beyond a reasonable doubt in this case, and the evidence is legally sufficient to support Appellant's conviction. *See Brooks*, 323 S.W.3d at 899. Issue One is overruled.

In Issue Three, Appellant contends the trial court erred in refusing to grant his motion to disclose the name of Detective Jackson's confidential informant.

We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). Under this standard, we affirm the judgment, unless the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). We may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court's decision was arbitrary or unreasonable. *Id*. We must consider all the circumstances of the case to determine whether the trial court abused its discretion by not requiring the State to disclose the informer's identity. *Portillo v. State*, 117 S.W.3d 924, 928 (Tex.App.--Houston [14th Dist.] 2003, no pet.).

Appellant argues the trial court erred in denying his motion for disclosure of the confidential informant's identity. He argues his case is similar to that of *Bodin v. State*, where the Texas Court of Criminal Appeals reversed the lower court's judgment in denying such a motion based on the determination that the informant could give testimony necessary to a fair determination of the defendant's guilt. *See Bodin v. State*, 807 S.W.2d 313, 318-19 (Tex.Crim.App. 1991).

If the informant was present and witnessed the offense, his testimony is necessary to a fair determination of the issue of guilt or innocence. *Anderson v. State*, 817 S.W.2d 69, 72 (Tex.Crim.App. 1991). However, when the informant's information is used only to establish probable cause for a search warrant, and the informant was neither a participant in the offense for which the defendant is charged, nor present when the search warrant was executed, the identity of

the informant need not be disclosed because his testimony is not essential to a fair determination of guilt. *See Washington v. State*, 902 S.W.2d 649, 656-57 (Tex.App--Houston [14th Dist.] 1995, pet. ref'd).

Contrary to Appellant's argument, the instant case is distinguishable from *Bodin*. In that case, the confidential informant was the one who told the police that the defendant was engaged in drug trafficking. *See Bodin*, 807 S.W.2d at 318. The Court reasoned that because the informer possessed information material to the defendant's possession of drugs, and may have had information relevant to possible entrapment, a defense raised by the defendant, the defendant succeeded in "[making] a plausible showing that the informer could give testimony necessary to a fair determination of guilt." *Id*. In this case, the confidential informant did not provide the police with the initial tip and did not witness Appellant's offenses; during the confidential informant hearing, Detective Jackson testified that the informant was not a fact witness to Appellant's offenses. The detective also testified that the informant was not present when the search warrant was executed on November 7, 2007. Moreover, the record does not indicate the informant participated in the Appellant's charged offenses. Appellant has therefore failed to show that the informant's testimony was necessary to a fair determination of guilt or innocence. Because the informant's information was only used to establish probable cause for a search warrant, and he did not participate in the offense for which Appellant is charged, and was not present when the search warrant was executed, his identity need not be disclosed. *See Washington*, 902 S.W.2d at 656-57. As such, the trial court did not err in overruling Appellant's motion to disclose the informant's identity. Accordingly, Issue Three is overruled.

In Issue Four, Appellant contends the trial court erred in denying his motion to suppress

the evidence seized during the search of the house on Hamilton Avenue. Citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Appellant urges the trial court should have invalidated the search warrant because the affiant provided false information in the warrant's affidavit.

To preserve error on appeal, the complaining party must make a timely, specific objection and obtain a ruling on the objection. TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). A party must continue to object every time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991); *Gillum v. State*, 888 S.W.2d 281, 285 (Tex.App.--El Paso 1994, pet. ref'd). Generally, once a pretrial motion to suppress is overruled, the defendant is not required to object to admission of the same evidence at trial in order to preserve error for appeal. *Livingston v. State*, 739 S.W.2d 311, 334 (Tex.Crim.App. 1987). However, when the objectionable evidence is offered during trial and the defendant affirmatively asserts that he has "no objection" to its admission, he waives any error in the admission of the evidence despite the pretrial suppression ruling. *Moody v. State*, 827 S.W.2d 875, 889 (Tex.Crim.App. 1992); *Dean v. State*, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex.App.--El Paso 1993, no pet.). Likewise, improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Dewberry v. State*, 4 S.W.3d 735, 754 n.18 (Tex.Crim.App. 1999).

At trial, when the State offered into evidence a lab report confirming the drugs were cocaine, Appellant affirmatively stated, "No objection." Consequently, Appellant waived any error in the admission of the drugs seized from the house when the State offered the lab report at

trial. *See Gonzales v. State*, 320 S.W.2d 837, 838 (Tex.Crim.App. 1959); *Kimmel v. State*, No. 08-08-00028-CR, 2009 WL 4673791, at *1 (Tex.App.--El Paso Dec. 9, 2009, pet. ref'd)(not designated for publication); *Marshall v. State*, No. 07-08-0499-CR, 2009 WL 4573476, at *1 (Tex.App.--Amarillo Dec. 7, 2009, no pet.)(mem. op., not designated for publication)(cases holding any error not preserved from adverse ruling on motion to suppress narcotics based on deficient search-warrant allegations as appellant stated "no objection" when the narcotics were admitted at trial). Because such error is not preserved for our review, Issue Four is overruled.

In Issue Five, Appellant contends the trial court erred because its written judgment in this case recited that Appellant entered a "not true" plea to the enhancement paragraph. In its brief, the State agrees with Appellant because "[t]he record shows that during the punishment phase appellant stipulated the truth of the enhancement paragraph's allegation."

An appellate court has the authority to modify incorrect judgments where the evidence necessary to correct a judgment appears in the record. TEX.R.APP.P. 43.2(b); *Tyler v. State*, 137 S.W.3d 261, 267-68 (Tex.App.--Houston [1st Dist.] 2004, no pet.). The judgment in this case stated Appellant entered a "not true" plea to the enhancement paragraph. However, the record shows that at the beginning of the punishment phase, the court asked Appellant if he was pleading true to the enhancement paragraph, and Appellant pled true. Because the court reporter's record reflects that Appellant entered a plea of true, the record supports modification of the judgment. Accordingly, we sustain Issue Five, and the trial court's judgment is modified to reflect that Appellant pled true to the enhancement paragraph.

The trial court's judgment is affirmed as modified.

February 25, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)